# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLAYTON HENRY FENT,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) **Case No. CIV-08-059-JHP** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## <u>ORDER</u>

This is a proceeding initiated by the above named petitioner who is currently an inmate at the Forrest City Federal Correctional Institution in Forrest City, Arkansas. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the Judgment and Sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-05-07-JHP is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. In addition, the Court has reviewed the relevant trial court records associated with Case No. CR-05-07-JHP. The records reflect that

on January 13, 2005, a federal grand jury sitting in the Eastern District of Oklahoma returned a two-count Indictment charging defendant with: Count One, Felon in Possession of Firearm, a violation of 18 U.S.C. §922(g), and Count Two, Possession of a Firearm with Obliterated Serial Number, a violation of 18 U.S.C. §922(k).

On January 28, 2005, Defendant filed a motion to suppress regarding the stop and subsequent vehicle search. On February 9, 2005, a suppression hearing was held before the Magistrate Judge. On February 25, 2005, the Magistrate Judge issued a written report and recommendation denying Defendant's motion. On March 16, 2005, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation, and denying Defendant's Motion to Suppress.

Jury trial commenced on March 9, 2005, and continued on March 17, 2005, with a verdict of guilty as to both counts of the Indictment. On September 17, 2005, Defendant was sentenced to 120 months in prison on Count One, and 48 months on Count Two, said term of imprisonment in Count Two to be served consecutive to the term imposed in Count One. The term of imprisonment is to be followed by 24 months of supervised release on Count One, and 24 months supervised release on Count Two, to be served concurrently, and a $200 special assessment.

On September 21, 2005, Defendant timely filed his notice of appeal. The appeal was docketed in the Tenth Circuit Court of Appeals on September 26, 2005,

in case number 05-7110.  Defendant alleged a violation of the Fourth Amendment based on the trial court's denial of his motion to suppress and a failure to properly calculate his sentence under *United States v. Booker, 543 U.S. 220 (2005)*.  On November 30, 2006, the United States Court of Appeals for the Tenth Circuit issued an Order and Judgment affirming Defendant's conviction.  The Order was filed in this Court on December 28, 2006.  Defendant filed a Petition for Writ of Certiorari on March 8, 2007.  The United States Supreme Court denied certiorari on April 27, 2007.

On February 15, 2008, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §2255.

Petitioner now raises the following issues: (1) he received ineffective assistance of trial and appellate counsel because he was not allowed to change trial counsel and because appellate counsel did not advance every argument he wanted or allow him to review the brief before filing; (2) his conviction was based on evidence from an illegal search and seizure; and (3) the sentencing enhancement he received violated the prohibition against double jeopardy.   The government opposes the motion because none of the grounds offered provide an appropriate basis for granting the relief requested.

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, *466 U.S. 668, 688-89*

*(1984)*. Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id. at 667.* Failure to establish either prong of the Strickland standard will result in a denial of Petitioner's Sixth Amendment claims. *Id. at 696.* While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id. at 689.* In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.*

The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997)(holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the

performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

In the instant case, Petitioner complains he was prejudiced by the trial court's denial of his motions to change trial counsel. The Court's decision to either grant or deny a motion for change of counsel is a ruling which should have been challenged, if at all, on direct appeal. In any event, the motion fails to allege that the Court's failure to provide alternative counsel prejudiced Petitioner in any manner and does not argue that a change of counsel would have impacted the verdict in this case. *Strickland*, 466 U.S. at 688-89. A defendant is not entitled to a perfect trial, but one that was fair and impartial. *Opie v. Meachum*, 293 F.Supp. 647, 650 (D.Wyo. 1968), aff'd 419 F.2d 465 (10th Cir. 1969), cert. denied, 399 U.S. 927 (1970).

The record reveals Petitioner's counsel made no errors warranting reversal. *United States v. Cox*, 934 F.2d 1114, 1123 (10th Cir. 1991). The deficiencies complained of do not rise to the level of ineffective assistance of counsel set forth in *Strickland*, and even if trial counsel's performance was ineffective, Petitioner cannot demonstrate prejudice — that is, a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.; Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003).

Petitioner's complaint regarding appellate counsel is that counsel "would not do what Defendant asked and filed before Defendant could look at appeal." The standard for appellate counsel's performance is clear:

> Neither Anders nor any other decision of this Court
> suggests, however, that the indigent defendant has
> a constitutional right to compel appointed counsel
> to press nonfrivolous points requested by the client,
> if counsel, as a matter of professional judgment,
> decides not to present those points.

*Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

The strategic choice of counsel to narrow arguments to those having a realistic probability of success does not constitute ineffectiveness. *Id.; Evitts v. Lucey, 469 U.S. 387, 394 (1985).* As the Tenth Circuit has recognized, "[i]ndeed, the winnowing out of weaker arguments so that counsel may focus the court's attention on those more likely to prevail is the hallmark of effective advocacy." In the instant motion, Petitioner complains of no specific argument or decision which would satisfy the criteria set forth in *Strickland*.

Moreover, the grounds relied upon by Petitioner cannot serve as justification for sentencing relief due to the fact that they were either not advanced by Petitioner on appeal, or were addressed in his appeal and cannot be considered and reasserted in a Section 2255 application. *United States v. Allen, 16 F.3d 377 (10th Cir. 1994);*

*United States v. Warner*, 23 F.3d 287 (10th Cir. 1994). A Section 2255 motion cannot be used "to test the legality of matters which should have been raised on appeal." *United States v. Kahn*, 835 F.2d 749, 753 (10th Cir. 1987). To obtain relief on new claims, a Section 2255 petitioner must show "cause excusing his ... procedural default, and ... actual prejudice resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). An attorney's error provides cause to excuse a procedural default, but only if the error amounts to constitutionally ineffective assistance of counsel. *See, Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *see also United States v. Kissick*, 69 F.3d 1048, 1054 (10th Cir. 1995). In the instant case, the Court has found both trial and appellate counsel provided constitutionally effective assistance of counsel.

Accordingly, for the reasons stated herein, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this 30th day of June, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma